IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ASHLIE L. BRANCH,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. |
| **1715 NORTHSIDE DRIVE, INC.**<br>  **d/b/a Diamond Club, a corporation;**<br>  **and C.B. JONES and KAREN**<br>  **KIRK, individuals,** | |
| **Defendants.** | Jury Trial Demanded |

## <u>COMPLAINT</u>

NOW COMES Plaintiff Ashlie L. Branch, by and through her attorneys, against 1715 Northside Drive, Inc. d/b/a Diamond Club, C.B. Jones, and Karen Kirk (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.

Plaintiff hereby alleges that Defendants have maintained a pattern and practice of not paying minimum wages, not paying her overtime wages, failing to provide proper time for required lunch and rest breaks, and otherwise failing to provide statutorily mandated wages and compensation. These violations were, and

are, so egregious that Defendants have gone so far as to require Plaintiff to pay out of pocket prior to being permitted to work.

2.

This is brought as a collective action under the Fair Labor Standards Act ("FLSA") 29. U.S.C. § 201 et seq. to recover unpaid wages, unpaid overtime wages and other wages for which Plaintiff was not paid in violation of the laws of the United States.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et seq., commonly known as the FLSA. Plaintiff does not assert any cause of action that is subject to any collective bargaining agreement.

4.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant 1715 Northside Drive, Inc. is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

5.

Upon information and belief, venue is proper in the Northern District of

Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*, a

substantial part of the events or omissions giving rise to the claim occurred in this

district.

**THE PARTIES**

6.

Plaintiff Ashlie L. Branch is an individual residing in Canton, Cherokee

County, Georgia. Branch is a current employee of Defendants. Branch worked as a

dancer and waitress for Defendants from 2003 until January 2014, when she was

unlawfully terminated on the basis of race. Defendants have never paid her any

wage of any kind. Branch has given her consent to join this lawsuit in writing.

7.

Defendant 1715 Northside Drive, Inc. is a Georgia corporation; Defendant

C.B. Jones is its CEO; Defendant Karen Kirk is its CFO and Secretary. Defendants

have acted together in a conspiracy to carry out their illegal enterprise since at least

1994. Defendant 1715 can be served through its registered agent, Herbert P.

Schlanger, at 230 Peachtree Street NW, Suite 1890, Atlanta, Georgia 30303.

Defendant C.B. Jones can be served at 1715 Northside Drive, NW, Atlanta,

Georgia 30318, or wherever he can be found. Defendant Karen Kirk can be served

at her residence at 1312 Harbins Road, Dacula, Georgia 30019.

## FACTUAL ALLEGATIONS

### 8.

Defendants own and operate a successful and long-lived strip club. The

business of Defendants is to provide nude dancers and other entertainment to

customers of the club. Defendants have at relevant all times done business in the

State of Georgia.

### 9.

The minimum wage, overtime wage and tip credit policies have applied and

been controlling on Defendants at all times. Defendants—doing business as

"Diamond Club"—are an enterprise engaging in commerce by having multiple

employees regularly engaged selling alcoholic beverages produced and shipped

from outside of the State of Georgia, regularly serving foods produced and shipped

from outside of the State of Georgia, having multiple employees—including all

dancers—regularly processing out-of-state credit card sales, and regularly using

wires in the furtherance of their business. Furthermore, Diamond Club is situated

directly adjacent to an exit ramp of an interstate highway and serve large numbers

of out-of-state customers. Additionally, Defendants have revenues and do business

transactions in excess of $500,000 a year. Furthermore, Plaintiff's "entertainer" or

"dancer" and waitress jobs are not positions involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

10.

Defendants have at all relevant times falsely classified Plaintiff as an independent contractor. This false classification has been occurring for at least the past three years.

11.

Plaintiff has primarily worked as a dancer or entertainer, but temporarily worked as a waitress for 3 to 4 months after she suffered a broken leg and could not dance.

12.

Despite the fact that the Defendants have classified Plaintiff as an independent contractor, Defendants have exercised at least the following controls over Plaintiff and all other dancers at Diamond Club:

(1)     Club management required all dancers to work at least three days per week in order to continue their employment;

(2)     All dancers' shifts began at times designated by club management;

(3)     Club management had the authority to control the costumes worn by all dancers;

(4)     Club management had the authority to control the content of all

dancers' performances on stage, including how many songs they must

stay on stage for and how many rotations on stage they must perform

per shift;

(5)     Club management required all dancers to take a breathalyzer test prior

to leaving after every shift;

(6)     Club management controlled whether all dancers may entertain

customers in VIP rooms, for which all dancers were required to pay

various fees to club managers and supervisors.

13.

In addition to the above listed controls, Defendants required the following

"kickback fees" and fines to be paid by Plaintiff and all other dancers or

entertainers:

(1)     Defendants required that all dancers pay a per-shift "house fee" to

Defendants, which ranged from $18.00 to $40.00 per shift worked;

(2)     Defendants required that all dancers pay the club DJ a fee of 10% of

tips received per shift worked;

(3)     Defendants required that all dancers pay a "manager fee" of $8.00 to

$10.00 per shift worked

6

(4)     Defendants required that all dancers pay 10% of all VIP sales to the

club DJ;

(5)     Defendants required that all dancers pay an additional "credit card

fee" of 5% to 10% of all VIP sale made by credit card;

(6)     Defendants required that all dancers pay the greater amount of $10.00

or 10% of tips received for dancing on stage;

(7)     Defendants required all dancers to pay a late-arrival fine of $10.00 for

every hour late to a shift;

(8)     Defendants required all dancers to pay an early-leave fine of $20.00 to

$40.00, depending on the time of departure;

(9)     Defendants required all dancers to pay a fine of $200.00 or more, or

apply other forms of punishment, for violating various club policies.

(10)    Beginning in November 2013, Defendants required dancers to pay

additional fines for not appearing on stage when their rotations have

been set by club management.

14.

In addition to the illegal kickback described above, Defendants have

recklessly and maliciously failed to pay Plaintiff any wages at all, including

minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

7

15.

During each of the past six years—2008 through 2013—Defendants have filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff as nonemployee compensation.

16.

This characterization of Plaintiff's earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false, because Plaintiff was an employee of Defendants and not an independent contractor.

17.

Defendants intentionally, willfully, and fraudulently misclassified Plaintiff as an independent contractor and filed fraudulent Forms 1099 with respect to Plaintiff for the purpose of Defendants' own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

**COUNT I**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. § 206**

18.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

8

19.

At all times relevant herein, Plaintiff performed work for which the minimum wage should have been paid by Defendants, but was paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

20.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

21.

At all relevant time, the unlawful conduct against Plaintiff, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of Plaintiff. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants 1715 Northside Drive, Inc., C.B. Jones, Karen Kirk, as well as their managerial employees.

22.

These actions were compounded by (1) Defendants' failure to provide notice to Plaintiff that they intended to utilize the tip-credit provisions of the FLSA and

(2) Defendants' requirement that Plaintiff surrender large portions of her tips to Defendants for the personal enrichment of Defendants.

23.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against Plaintiff. Plaintiff has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

24.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).

25.

Defendants' wrongful and illegal conduct has deprived Plaintiff of the minimum wage to which she is statutorily entitled in an amount to be determined by a jury. Additionally, Plaintiffs is entitled to her attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

26.

Plaintiff hereby incorporates the factual allegations in the foregoing

paragraphs of this Complaint as if fully restated herein.

27.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one

and one half times the minimum wage for each and every hour worked over forty

hours in any given workweek.

28.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by

failing to pay Plaintiff any wage whatsoever.

29.

Defendants' violations of these provisions are intentional. No good faith

attempt to comply with the FLSA has been made. Defendants have paid no wages

to Plaintiffs, much less required overtime wages. Defendants are liable to Plaintiff,

and any and all similarly situated employees, for their respective unpaid wages,

liquidated damages, attorney's fees and costs, interest and other such relief as

provided in 29 U.S.C. § 216(b).

## COUNT III
## FRAUDULENT FILING OF TAX INFORMATION RETURNS
## PURSUANT TO 26 U.S.C. § 7434

30.

Plaintiff hereby incorporates the factual allegations in the foregoing

paragraphs of this Complaint as if fully restated herein.

31.

During each of the past six years—2008 through 2013—Defendants have

filed Forms 1099-MISC with the Internal Revenue Service categorizing monies

earned by Plaintiff as nonemployee compensation.

32.

This characterization of Plaintiff's earnings as nonemployee

compensation—rather than employee compensation in a Form W-2—was false,

because Plaintiff was an employee of Defendants and not an independent

contractor.

33.

Defendants intentionally, willfully, and fraudulently misclassified Plaintiff

as an independent contractor and filed fraudulent Forms 1099 with respect to

Plaintiff for the purpose of Defendants' own enrichment, which included but was

not limited to avoiding payment of minimum and overtime wages, avoiding

payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

34.

Pursuant to 26 U.S.C. § 7434, because of Defendants' willful and fraudulent filing of false tax information returns with respect to Plaintiff, Plaintiff is entitled to damages up to and including any actual damages sustained by Plaintiff, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.


WHEREFORE, Plaintiffs pray that this Court:

(a)     Find that Defendants have willfully violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiff minimum and overtime wages;

(b)     Issue a judgment against Defendants for all unpaid wages, illegal kickback payments, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(c)     Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(d)     Issue a separate judgment against Defendants for no less than $5,000 for each fraudulent tax information return filed with respect to

Plaintiff in the past six years, in addition to costs of litigation and reasonable attorney's fees, for violations of 26 U.S.C. § 7434; and

(e)     For such other and further relief as is just and equitable.

Plaintiffs hereby demand a TRIAL BY JURY.

Respectfully submitted this 1st day of April 2014.

SMITH COLLINS, LLC                    */s/ W. Anthony Collins, Jr.*
8565 Dunwoody Place                   W. Anthony Collins, Jr.
Building 15, Suite B                  Georgia Bar No. 141712
Atlanta, GA 30350
(770) 378-1408
wanthonycollins@gmail.com

                                      */s/ Matthew W. Herrington*
SMITH COLLINS, LLC                    Matthew W.Herrington
8565 Dunwoody Place                   Ga. Bar No. 275411
Building 15, Suite B
Atlanta, GA 30350
(770) 286-1800
herrington.matthew@gmail.com

                                      *Attorneys for Plaintiffs*

14