IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ASHLIE L. BRANCH,**

      **Plaintiff,**

  **v.**

**1715 NORTHSIDE DRIVE, INC.**
  **d/b/a Diamond Club, a corporation;**
  **and C.B. JONES and KAREN**
  **KIRK, individuals,**

      **Defendants.**

Civil Action No. 1:14-CV-0960-TCB

## PLAINTIFF'S INITIAL DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

RESPONSE: This action is brought pursuant to 29 U.S.C. § 201 et seq. (the Fair Labor Standards Act) and 26 U.S.C. § 7434 (fraudulent filing of tax information returns). Plaintiff alleges that she was employed Defendants 1715 Northside Drive, Inc., C.B. Jones, and Karen Kirk within the past three years as an exotic dancer and waitress, that Defendants paid her no wages whatsoever, that Defendants imposed an illegal scheme of kickbacks on her in the form of fines and

fees, and that Defendants caused to be filed fraudulent tax information returns intentionally misclassifying her as an independent contractor. Plaintiff seeks recovery of the minimum and overtime wages she is due, liquidated damages in the same amount, repayment of all illegally imposed fees and fines, statutory damages of $5,000 for each fraudulent filing of tax information returns, and payment of reasonable attorney's fees and costs of litigation.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

RESPONSE: This case is factually similar to numerous other FLSA actions brought against adult entertainment establishments in previous years, many of which are still ongoing. Among those, the most significant are Clincy et al. v. Galardi South Enterprises, Inc. d/b/a/ The Onyx et al., Civil Action No. 09-CV-2082-RWS (N.D. Ga. 2009); Rawley et al. v. Tattle Tail, Inc. d/b/a Tattletale Lounge et al., Civil Action No. 14-CV-90-AT (N.D. Ga. 2014); Bromirski et al. v. Oasis Goodtime Emporium I, Inc. et al., Civil Action No. 13-CV-3380-JEC (N.D. Ga. 2013); and Stevenson et al., v. The Great American Dream, Inc. d/b/a Pinups et al., Civil Action No. 12-cv-03359-TWT (N.D. Ga. 2012). With respect to Plaintiff's claims relating to 26 U.S.C. § 7434, an important case is Seijo v. Casa

<u>Salsa, Inc.</u>, Order Partially Granting Defendants' Summary-Judgment Motion, 2013 U.S. Dist. LEXIS 167205 (S.D. Fla. November 25, 2013).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

<u>RESPONSE</u>:

Ashlie L. Branch, c/o Smith Collins, LLC, 8565 Dunwoody Place, Building 15, Suite B, Atlanta, Georgia 30350. Ms. Branch is a former employee of Defendants. She is likely to have discoverable information related to the hours she and other employees worked for Defendants without compensation, kickbacks she and other dancers were required to pay to Defendants in order to work, Defendants' policies and controls over their dancer employees, and other facts contained in Plaintiffs' Complaint.

Numerous other employees of Diamond Club whose identities are not known to Ms. Branch—due to the use of stage names—but whose identifying information is in the possession of Defendants.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For**

**all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

RESPONSE: No experts have been identified at this time. Plaintiff reserves the right to supplement this response if such experts are later identified.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

RESPONSE: Plaintiff is in possession of some IRS Forms 1099 filed by Defendants that may establish the years she worked for Defendants. Additionally, Plaintiff was issued permits to work for Defendants by the City of Atlanta, but these were retained by Defendants. Plaintiff anticipates that Defendants are in possession of detailed records of Plaintiff's schedules and the fees and fines imposed by Defendants on Plaintiff. Plaintiff reserves the right to supplement this list of documentary and tangible evidence as such documents or evidence are identified.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.**

RESPONSE: Plaintiff is unable to precisely calculate the damages to which she is entitled at this time. All damages are based on unpaid minimum and overtime wages for all hours worked by Plaintiffs, liquidated damages under the FLSA for willful violations, all illegal kickback fees paid by Plaintiffs to Defendants, at least $5,000 for each IRS Form 1099 illegally filed by Defendants, and attorney's fees and costs of litigation. Plaintiff does not possess any documents or other evidentiary material reflecting the precise damages to which she are entitled. Plaintiff anticipates that all such documents or other evidentiary material is in the possession of Defendants. Discovery will likely enable Plaintiff to more accurately measure her alleged damages and Plaintiff reserve the right to supplement these disclosures at a later date when they obtain such discovery.

**(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

RESPONSE: Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

RESPONSE: No known individuals have any subrogation interest in this action.

Submitted this 28th day of June 2014.

<table>
<tr>
<td></td>
<td>/s/ W. Anthony Collins, Jr.</td>
</tr>
<tr>
<td>SMITH COLLINS, LLC</td>
<td>W. Anthony Collins, Jr.</td>
</tr>
<tr>
<td>8565 Dunwoody Place</td>
<td>Ga. Bar No. 141712</td>
</tr>
<tr>
<td>Bldg. 15, Ste. B</td>
<td>anthonyc@smithcollinsllc.com</td>
</tr>
<tr>
<td>Atlanta, GA 30350</td>
<td></td>
</tr>
<tr>
<td>(770) 378-1408</td>
<td></td>
</tr>
<tr>
<td></td>
<td></td>
</tr>
<tr>
<td></td>
<td>/s/ Matthew W. Herrington</td>
</tr>
<tr>
<td>SMITH COLLINS, LLC</td>
<td>Matthew W. Herrington</td>
</tr>
<tr>
<td>8565 Dunwoody Place</td>
<td>Ga. Bar No. 275411</td>
</tr>
<tr>
<td>Bldg. 15, Ste. B</td>
<td>matthew@smithcollinsllc.com</td>
</tr>
<tr>
<td>Atlanta, GA 30350</td>
<td></td>
</tr>
<tr>
<td>(770) 286-1800</td>
<td></td>
</tr>
<tr>
<td></td>
<td></td>
</tr>
<tr>
<td></td>
<td>Attorneys for Plaintiffs</td>
</tr>
</table>

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ASHLIE L. BRANCH,**

      **Plaintiff,**

      **v.**                           Civil Action No. 1:14-CV-0960-TCB

**1715 NORTHSIDE DRIVE, INC.**
    **d/b/a Diamond Club, a corporation;**
    **and C.B. JONES and KAREN**
    **KIRK, individuals,**

      **Defendants.**

## L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type. This document was prepared in Times New Roman 14 point font.

I further I hereby certify that on the date signed below, I electronically filed PLAINTIFF'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

        Eric R. Magnus                    Dean R. Fuchs
    Jackson Lewis, LLP-Atl         Schulten Ward & Turner

Suite 1000
1155 Peachtree Street, N.E.
Atlanta, GA 30309
magnuse@jacksonlewis.com

Suite 2700
260 Peachtree Street, NW
Atlanta, GA 30303
drf@swtlaw.com

Herbert P. Schlanger
Office of Herbert P. Schlanger
Suite 1890
230 Peachtree Street, N.W.
Atlanta, GA 30303
herb@schlanger.com

Dated: June 28, 2014

/s/ Matthew W. Herrington

SMITH COLLINS, LLC
8565 Dunwoody Place
Bldg. 15, Ste. B
Atlanta, GA 30350
(770) 286-1800

Matthew W. Herrington
Ga. Bar No. 275411
*matthew@smithcollinsllc.com*

*Attorney for Plaintiffs*