IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ASHLIE L. BRANCH,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 1:14-CV-0960-TCB |
| **1715 NORTHSIDE DRIVE, INC.** **d/b/a Diamond Club;** | |
| **A-1 ENTERTAINMENT, LLC d/b/a** **Diamond Club;** | |
| **C.B. JONES II;** | |
| **KAREN CAUDLE; and** | |
| **CARMEN POPOVITCH,** | |
| **Defendants.** | Jury Trial Demanded |

## <u>FIRST AMENDED COMPLAINT</u>

NOW COMES Plaintiff Ashlie L. Branch, by and through her attorneys,

against 1715 Northside Drive, Inc. d/b/a Diamond Club, A-1 Entertainment, LLC,

C.B. Jones II, Karen Caudle, and Carmen Popovitch (collectively "Defendants"),

and alleges as follows:

## NATURE OF THE ACTION

### 1.

Plaintiff hereby alleges that Defendants have maintained a pattern and practice of not paying minimum wages, not paying her overtime wages, failing to provide proper time for required lunch and rest breaks, and by requiring illegal kickbacks in the form of fees and fines she was forced to pay Defendants. Plaintiff also alleges, in the alternative, that she is entitled to receive the full amount of the fees and fines she was required to pay to Defendants because these required payments constituted an illegal mandatory tip pool. Plaintiff additionally alleges that Defendants have issued fraudulent tax information returns falsely classifying her as an independent contractor in violation of 26 U.S.C. § 7434. Plaintiff finally alleges that, in violation of 42 U.S.C. § 2000, Defendants Popovitch and A-1 Entertainment, Inc. have unlawfully discriminated against her in her employment on the basis of race as part of a campaign of harassment, intimidation, and ultimately constructive or actual termination of numerous white employees.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this civil action is brought pursuant to 42 U.S.C. § 201, et seq., 26 U.S.C. § 7434, and

42 U.S.C. § 2000. Plaintiff does not assert any cause of action that is subject to any collective bargaining agreement.

3.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant 1715 Northside Drive, Inc. is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

4.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U. S. C. §1391(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

5.

Plaintiff Ashlie L. Branch is an individual residing in Canton, Cherokee County, Georgia. Branch is a former employee of Defendants. Branch worked as a dancer and waitress for Defendants from 2003 until January 2014, when she was unlawfully terminated on the basis of race. Defendants have never paid her any wage of any kind for her work as a dancer and Defendants Popovitch and A-1

3

Entertainment have not paid her any wages for her waitressing work. Branch has given her consent to join this lawsuit in writing.

6.

Defendant 1715 Northside Drive, Inc. is a Georgia corporation. Its principal office address is 1715 Northside Drive NW, Atlanta, GA 30318 and it can be served through its registered agent, Herbert P. Schlanger, at 230 Peachtree Street NW, Suite 1890, Atlanta, Georgia 30303.

7.

Defendant A-1 Enterprises, LLC is a Georgia limited liability company. Its principal office address is 1715 Northside Drive NW, Atlanta, GA 30318 and it can be served through its registered agent, Carmen Popovitch, at 10625 Roxburgh Lane, Roswell, GA 30076.

8.

Defendant C.B. Jones II is a resident of the State of Florida and can be served at 1715 Northside Drive, NW, Atlanta, Georgia 30318, or wherever he can be found.

9.

Defendant Karen Caudle is a resident of the State of Georgia and can be served at her residence at 1312 Harbins Road, Dacula, Georgia 30019.

4

10.

Defendant Carmen Popovitch is a resident of the State of Georgia and can be served at her residence at 10625 Roxburgh Lane, Roswell, GA 30076.

## **FACTUAL ALLEGATIONS**

11.

Defendants own and operate a successful and long-lived strip club. The business of Defendants is to provide nude dancers and other entertainment to customers of the club. Defendants have at relevant all times done business in the State of Georgia.

12.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Defendants—doing business as "Diamond Club"—are an enterprise engaging in commerce by having multiple employees regularly engaged selling alcoholic beverages produced and shipped from outside of the State of Georgia, regularly serving foods produced and shipped from outside of the State of Georgia, having multiple employees—including all dancers—regularly processing out-of-state credit card sales, and regularly using wires in the furtherance of their business. Furthermore, Diamond Club is situated directly adjacent to an exit ramp of an interstate highway and serves large numbers

of out-of-state customers. Additionally, Defendants have revenues and do business transactions in excess of $500,000 a year. Furthermore, Plaintiff's "entertainer" or "dancer" and waitress jobs are not positions involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

13.

Defendants have at all relevant times falsely classified Plaintiff as an independent contractor. This false classification has been occurring for at least the past three years.

14.

Plaintiff has primarily worked as a dancer or entertainer, but temporarily worked as a waitress for 3 to 4 months after she suffered a broken leg and could not dance, and during the last months of her employment worked only as a waitress due to her pregnancy.

15.

Despite the fact that the Defendants have classified Plaintiff as an independent contractor, Defendants have exercised at least the following controls over Plaintiff and all other dancers at Diamond Club:

(1)    Club management required all dancers to work at least three days per week in order to continue their employment;

6

(2)     All dancers' shifts began at times designated by club management;

(3)     Club management had the authority to control the costumes worn by all dancers;

(4)     Club management had the authority to control the content of all dancers' performances on stage, including how many songs they must stay on stage for and how many rotations on stage they must perform per shift;

(5)     Club management required all dancers to take a breathalyzer test prior to leaving after every shift;

(6)     Club management controlled whether all dancers may entertain customers in VIP rooms, for which all dancers were required to pay various fees to club managers and supervisors.

16.

In addition to the above listed controls, Defendants required the following "kickback fees" and fines to be paid by Plaintiff and all other dancers or entertainers:

(1)     Defendants required that all dancers pay a per-shift "house fee" to Defendants, which ranged from $18.00 to $40.00 per shift worked;

(2)     Defendants required that all dancers pay the club DJ a fee of 10% of tips received per shift worked;

(3)     Defendants required that all dancers pay a "manager fee" of $8.00 to $10.00 per shift worked

(4)     Defendants required that all dancers pay 10% of all VIP sales to the club DJ;

(5)     Defendants required that all dancers pay an additional "credit card fee" of 5% to 10% of all VIP sale made by credit card;

(6)     Defendants required that all dancers pay the greater amount of $10.00 or 10% of tips received for dancing on stage;

(7)     Defendants required all dancers to pay a late-arrival fine of $10.00 for every hour late to a shift;

(8)     Defendants required all dancers to pay an early-leave fine of $20.00 to $40.00, depending on the time of departure;

(9)     Defendants required all dancers to pay a fine of $200.00 or more, or apply other forms of punishment, for violating various club policies.

(10)    Beginning in November 2013, Defendants required dancers to pay additional fines for not appearing on stage when their rotations have been set by club management.

17.

With respect to Plaintiff waitressing work, Defendants controlled the shifts that Plaintiff was permitted to work as well as her uniform, her assignments, and her behavior while working. Further, they paid her no wages for this time worked, and did not inform Plaintiff that they were utilizing the FLSA's tip-credit provision.

18.

In addition to the illegal kickbacks described above, Defendants have recklessly and maliciously failed to pay Plaintiff any wages at all for her dancing work, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

19.

During each of the past six years—2008 through 2013—Defendants have filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff as nonemployee compensation.

20.

This characterization of Plaintiff's earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false,

because Plaintiff was an employee of Defendants and not an independent contractor.

21.

Defendants intentionally, willfully, and fraudulently misclassified Plaintiff as an independent contractor and filed fraudulent Forms 1099 with respect to Plaintiff for the purpose of Defendants' own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

22.

In December 2013, 1715 Northside Drive, Inc. was sold by Defendant Jones to Defendant Popovitch. Since that time, Diamond Club has been operated by A-1 Entertainment, LLC, and possibly by 1715 Northside Drive, Inc. as well. On information and belief, Defendants Jones and Caudle ended their control over Diamond Club and Defendant Popovitch has had control over the operations and employment practices of Diamond Club since that time.

23.

In December 2013, when Defendant Popovitch assumed control, Diamond Club continued the illegal employment practices already in place and thereby

continued to violate the Fair Labor Standards Act. However, Diamond did undergo one significant change, after the transfer of ownership. Diamond Club was transformed at Popovitch's instruction into a club catering primarily to an African American clientele. Out of fear that African American customers would be unhappy with white dancers in the club, Defendants 1715, A-1, and Popovitch undertook an aggressive campaign of racial discrimination against all the white dancers and waitresses at Diamond Club who had been employed at the time of the sale of the club.

24.

This discriminatory campaign consisted primarily of cutting white employees' shifts, transferring white employees to slow days or to day shifts where they would not make much money in tips, refusing to pay out sales incentives only to white employees, several outright terminations, and extreme verbal harassment and intimidation.

25.

Defendants 1715, A-1, and Popovitch discriminated against Plaintiff Branch specifically by:

- Not allowing her to work on specific nights ("promotional nights") where only black employees were allowed;

- Asking her not to work only on day shifts because of Defendants' belief that she would "have a problem with the crowd and management" on night shift;

- After she refused to stop working night shifts, intensifying the use of racially insulting comments to Plaintiff;

- Making Branch train African American employees to run the credit card machine because they didn't want white employees using it; and

- Cutting her shifts to the point that she was almost not working at all.

26.

Diamond Club's general manager, "Marco," at one point informed Plaintiff Branch that she could not stand near the entrance to Diamond Club because having her by the door would mess up business. And when Branch approached Marco to inquire why a drink sale incentive she had won pursuant to the club's competition had not been paid to her, Marco responded that he was "not gonna pay a white bitch."

27.

Marco also required that Branch and other dancers sell cigars to customers so that the customers could fill them with marijuana to smoke. When Branch complained about this practice, Marco responded: "Our people come here to

12

smoke weed, if you and your people can't understand that, you can work somewhere else."

28.

At one point, Plaintiff Branch actually approached Defendant Popovitch to complain about the harassment and discrimination. Popovitch's response: "you can leave."

29.

By late January 2014, Branch had been constructively terminated as a result of constant harassment and having her shifts cut down to almost nothing, and she ceased working at Diamond Club.

30.

Branch applied for unemployment insurance payments in early February 2014. Defendants 1715, A-1, and Popovitch opposed her claim. After a hearing, the Georgia Department of Labor determined that Plaintiff Branch was eligible for unemployment insurance payments.

**COUNT I**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. § 206**

31.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

13

32.

At all times relevant herein, Plaintiff performed work for which the minimum wage should have been paid by Defendants, but was paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

33.

Defendants' requirement of illegal kickback fees and fines to Defendants and their employees violated the "free and clear" requirement of 29 CFR 531.35. Furthermore, and in the alternative, the requirement of these fines and fees constituted an illegal required tip pool in violation of 29 U.S.C. § 203(m). Because Defendants did not inform Plaintiff that they were taking advantage of the tip-credit provision of the FLSA, and because Plaintiff was paid no wages whatsoever, Plaintiff is entitled to the return of the full value of those illegal kickbacks and illegally retained tips.

34.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

35.

At all relevant time, the unlawful conduct against Plaintiff, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of Plaintiff. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants 1715 Northside Drive, Inc., A-1 Entertainment, LLC, C.B. Jones II, Karen Caudle, Carmen Popovitch, as well as their managerial employees.

36.

These actions were compounded by (1) Defendants' failure to provide notice to Plaintiff that they intended to utilize the tip-credit provisions of the FLSA and (2) Defendants' requirement that Plaintiff surrender large portions of her tips to Defendants for the personal enrichment of Defendants.

37.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein have been enforced against Plaintiff. Plaintiff has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations

constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

38.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).

39.

Defendants' wrongful and illegal conduct has deprived Plaintiff of the minimum wage to which she is statutorily entitled in an amount to be determined by a jury. Additionally, Plaintiffs is entitled to her attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

40.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

41.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one and one half times the minimum wage for each and every hour worked over forty hours in any given workweek.

42.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiff any wage whatsoever.

43.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiffs, much less required overtime wages. Defendants are liable to Plaintiff, and any and all similarly situated employees, for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

**COUNT III**
**FRAUDULENT FILING OF TAX INFORMATION RETURNS**
**PURSUANT TO 26 U.S.C. § 7434**

44.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

45.

During each of the past six years—2008 through 2013—Defendants have filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff as nonemployee compensation.

46.

This characterization of Plaintiff's earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false, because Plaintiff was an employee of Defendants and not an independent contractor.

47.

Defendants intentionally, willfully, and fraudulently misclassified Plaintiff as an independent contractor and filed fraudulent Forms 1099 with respect to Plaintiff for the purpose of Defendants' own enrichment, which included but was not limited to avoiding payment of minimum and overtime wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

48.

Pursuant to 26 U.S.C. § 7434, because of Defendants' willful and fraudulent filing of false tax information returns with respect to Plaintiff, Plaintiff is entitled to damages up to and including any actual damages sustained by Plaintiff, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.

## COUNT IV
## RACIAL DISCRIMINATION IN EMPLOYMENT
## PURSUANT TO 42 U.S.C. § 2000

49.

Plaintiff hereby incorporates the factual allegations in the foregoing paragraphs of this Complaint as if fully restated herein.

50.

From December 2013 through January 2014, Defendants 1715 Northside Drive, A-1 Entertainment, and Carmen Popovitch engaged in the following unlawful practices in violation of 42 U.S.C. § 2000 et seq.:

    a.    Reducing the number of Plaintiff's shifts on account of her race to the point of constructive termination;

    b.    Changing the shifts Plaintiff could work to make her shifts less profitable on account of her race;

    c.    Verbally harassing Plaintiff with insults about her race;

    d.    Refusing to pay promised sales incentives to Plaintiff explicitly on account of her race;

    e.    Refusing to remedy the harassment and discrimination against Plaintiff after Plaintiff complained, and by informing Plaintiff that if she did not like the harassment she was suffering that she should work elsewhere.

51.

Plaintiff has filed this action within 90 days of obtaining a right to sue letter from the Atlanta Division of the Equal Employment Opportunity Commission.

52.

The adverse employment actions taken by Defendants 1715, A-1, and Popovitch against Plaintiff were not taken against African American employees of Diamond Club.

53.

The effect of the adverse employment actions described above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee on the basis of race.

54.

The unlawful employment practices complained of above were intentional.

55.

The unlawful employment practices complained of above were done with malice and with reckless indifference to the federally protected rights of Plaintiff.


WHEREFORE, Plaintiffs pray that this Court:

(a)     Find that Defendants have willfully violated 29 U.S.C. § 201 et seq.

by failing to pay Plaintiff minimum and overtime wages;

(b)     Issue a judgment against Defendants for all unpaid wages, illegal

kickback payments and tips illegally retained, interest, attorney's fees

and costs and all other allowed forms of relief as provided by 29

U.S.C. § 216(b);

(c)     Issue a judgment for liquidated damages in an amount equal to the

above mentioned judgment as provided in 29 U.S.C. § 216(b);

(d)     Issue a separate judgment against Defendants for no less than $5,000

for each fraudulent tax information return filed with respect to

Plaintiff in the past six years, in addition to costs of litigation and

reasonable attorney's fees, for violations of 26 U.S.C. § 7434;

(e)     Issue a separate judgment that Defendants have violated 29 U.S.C.

§ 2000;

(f)     Issue a permanent injunction enjoining Defendants, their officers,

successors, assigns, and all persons in active concert or participation

with them, from engaging in employment practices which

discriminate on the basis of race;

(g)     Order Defendants 1715, A-1, and Popovitch to make whole Plaintiff

by providing appropriate back pay with prejudgment interest, in

amounts to be determined at trial in the enlightened conscience of a

jury, and other affirmative relief necessary to eradicate the effects of

their unlawful employment practices, including, but not limited to,

front pay and reinstatement;

(h)     Order Defendants 1715, A-1, and Popovitch to pay Plaintiff punitive

damages for their malicious and reckless conduct in amounts to be

determined at trial in the enlightened conscious of a jury;

(i)     Award to Plaintiff attorney's fees and reasonable costs of litigation;

and

(j)     For such other and further relief as is just and equitable.


Plaintiffs hereby demand a TRIAL BY JURY.


This 30th day of July 2014.

                                        Respectfully submitted,

                                        SMITH COLLINS, LLC

8565 Dunwoody Place              */s/ W. Anthony Collins, Jr.*
Building 15, Suite B                 W. Anthony Collins, Jr.

Atlanta, GA 30350
(770) 378-1408

Georgia Bar No. 141712
*anthony@smithcollinsllc.com*

/s/ Matthew W. Herrington

8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
(770) 286-1800

Matthew W. Herrington
Ga. Bar No. 275411
*matthew@smithcollinsllc.com*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **ASHLIE L. BRANCH,**<br><br>      **Plaintiff,**<br><br>   **v.**<br><br>**1715 NORTHSIDE DRIVE, INC.**<br>   **d/b/a Diamond Club, a corporation;**<br>   **and C.B. JONES and KAREN**<br>   **KIRK, individuals,**<br><br>      **Defendants.** | Civil Action No. 1:14-CV-0960-TCB |

## <u>L.R. 5.1 CERTIFICATION AND CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type. This document was prepared in Times New Roman 14 point font.

I further I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

|  |  |
|---|---|
| Eric R. Magnus<br>Jackson Lewis, P.C. | Dean R. Fuchs<br>Schulten Ward & Turner, LLP |

1155 Peachtree Street N.E.            260 Peachtree Street, NW, Suite 2700
Suite 1000                                  Atlanta, GA 30303
Atlanta, GA 30309                           drf@swtlaw.com
magnuse@jacksonlewis.com

Herbert P. Schlanger
Law Office of Herbert P. Schlanger
230 Peachtree Street, NW, Suite 1890
Atlanta, GA 30303
herb@schlanger.com

Dated: July 30, 2014

SMITH COLLINS, LLC


                                        /s/ Matthew W. Herrington
8565 Dunwoody Place                     Matthew W. Herrington
Building 15, Suite B                    Ga. Bar No. 275411
Atlanta, GA 30350                       matthew@smithcollinsllc.com
(770) 286-1800