# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **ASHLIE L. BRANCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:14-CV-0960-TCB** |
| **v.** | ) | |
| | ) | |
| **1715 NORTHSIDE DRIVE, INC.** | ) | |
| **d/b/a Diamond Club, A-1** | ) | |
| **ENTERTAINMENT, LLC d/b/a** | ) | |
| **Diamond Club, corporations** | ) | |
| **and C.B. JONES, and CARMEN** | ) | |
| **POPOVITCH,** | ) | |
| **individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT 1715 NORTHSIDE DRIVE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERLCAIM

Defendant 1715 Northside Drive, Inc. d/b/a Diamond Club ("Defendant" or the "Dreams")[1] hereby timely files its Answer to Plaintiff's First Amended Complaint, and states as follows:

---

[1] Defendant 1715 Northside Drive, Inc. now does business as "Dreams Gentlemen's Club."

## NATURE OF THE ACTION

### 1.

Defendant denies the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

### 2.

Defendant denies that 42 U.S.C. § 201, *et seq.* is the correct citation for the FLSA.  Defendant denies that 42 U.S.C. § 2000 is the correct citation for Title VII of the Civil Rights Act of 1964.  Defendant admits the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

### 3.

Defendant admits this Court has personal jurisdiction over Defendant and that Defendant is a business incorporated under the laws of the State of Georgia. Defendant denies all remaining allegations not expressly admitted or acknowledged contained in Paragraph 3 of Plaintiff's First Amended Complaint, including but not limited to Plaintiff's allegation that Defendant has committed "wrongful acts."

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

## THE PARTIES

5.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 5. Defendant admits only that Plaintiff worked as a waitress from approximately December 2013 through early 2014.  Defendant denies Plaintiff was unlawfully terminated on the basis of her race.  Defendant admits only that while performing services as a waitress was she an employee of Defendant 1715 Northside Drive, Inc.  Defendant denies that it has never paid Plaintiff a wage of any kind for her work as a dancer, and Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff has given consent to file this lawsuit. Defendant denies all remaining allegations not expressly admitted or acknowledged contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.

Defendant admits it is a Georgia corporation and can be served through its registered agent, Herbert P. Schlanger, at 230 Peachtree Street NW, Suite 1890,

Atlanta, Georgia 30303.  Defendant denies all remaining allegations not expressly admitted or acknowledged contained in Paragraph 6 of Plaintiff's First Amended Complaint.

### 7.

Defendant denies the allegations in Paragraph 7 of the First Amended Complaint.

### 8.

Responding to the allegations in Paragraph 8 of the First Amended Complaint, Defendant admits only that C.B. Jones is a natural person.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of all remaining allegations in Paragraph 8 of the First Amended Complaint, with the result they are denied.

### 9.

Responding to the allegations in Paragraph 9 of the First Amended Complaint, Defendant admits only that Karen Caudle is a natural person who has since been dismissed as a Defendant from this civil action with prejudice. Defendant lacks sufficient information or knowledge to form a belief as to the truth of all remaining allegations in Paragraph 9 of the First Amended Complaint, with the result they are denied.

4

10.

Defendant admits the allegations in Paragraph 10 of the First Amended Complaint.

## **FACTUAL ALLEGATIONS**

11.

Defendant admits that it owns and operates Dreams Gentlemen's Club, an adult entertainment establishment and that does business in the State of Georgia. Defendant denies all remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12.

The allegations contained in the first sentence of Paragraph 12 of Plaintiff's First Amended Complaint set forth a legal conclusions rather than facts, and therefore do not require a response admitting or denying them.  Defendant admits that it has done business as "Diamond Club,"[2] that it is situated near an interstate highway, that it has revenues in excess of $500,000 annually, and that it is an enterprise engaged in commerce.  Defendant denies all remaining allegations not expressly admitted or acknowledged contained in Paragraph 12 of Plaintiff's First Amended Complaint.

---

[2] Defendant now does business as "Dreams Gentlemen's Club."

5

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14.

Defendant admits Plaintiff worked as a waitress from December 2013 through early 2014.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint, with the result they are denied.

15.

Responding to the allegations contained in Paragraph 15 of the First Amended Complaint, Defendant admits only that Club management required dancers to take a Breathalyzer test prior to leaving the Club after every shift for their own safety and the safety of the general public.  Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16.

Responding to the allegations contained in Paragraph 16 of the First Amended Complaint, Defendant admits only that it requires dancers pay a per-shift house fee ranging from $10 - $40, that it is a custom for dancers to pay the DJ a

minimum of $10 or 10% of their per-shift earnings, and that dancers pay a 5% service charge on table-side or VIP dances purchased on customers' credit cards. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17.

Defendant admits the allegations contained in the first sentence of Paragraph 17 of Plaintiff's First Amended Complaint.   Defendant denies the remaining contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18.

Defendant admits only that it did not pay Plaintiff regular wages for her performances as a dancer, but denies that Plaintiff received no compensation (and compensation less than the minimum wage) for said work, and denies the remaining allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.

Defendant admits only that it has filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Plaintiff as a dancer as non-employee compensation. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

7

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.

Defendant admits the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

## <u>COUNT I</u>
## <u>VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206</u>

31.

Defendant restates its responses contained in Paragraphs 1 through 30 of its Answer to the First Amended Complaint, as if fully set forth herein.

9

32.

Defendant admits only that Plaintiff's work as a waitress was subject to the minimum wage requirements of the FLSA.   Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38.

Defendant lacks knowledge or information sufficient to form a belief as to the accuracy of whether Plaintiff has consented to be a party to this action, with the result they are denied.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

## **COUNT II**
## **VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207**

40.

Defendant restates its responses contained in Paragraphs 1 through 39 of its Answer to the First Amended Complaint, as if fully set forth herein.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.

Defendant admits only it did not pay Plaintiff regular wages for her dancing performances, but denies Plaintiff received no compensation for said work, and further denies Plaintiff earned less than the minimum wage for each hour worked

11

as a dancer.  Defendant denies the remaining allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

### 43.

Defendant admits only that it did not pay Plaintiff regular or overtime wages for her dancing performances, but Plaintiff received no compensation for said work, and denies Plaintiff ever worked overtime hours in any given workweek, or that she was otherwise entitled to receive overtime wages.  Defendant denies the remaining allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

**COUNT III**
**FRAUDULENT FILING OF TAX INFORMATION RETURNS**
**PURSUANT TO 26 U.S.C. §7434**

### 44.

Defendant restates its responses contained in Paragraphs 1 through 43 of its Answer to the First Amended Complaint, as if fully set forth herein.

### 45.

Defendant admits only that it has filed Forms 1099-MISC for Plaintiff with the Internal Revenue Service categorizing some of the monies earned by Plaintiff as nonemployee compensation.   Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

## COUNT IV
## RACIAL DISCRIMINATION IN EMPLOYMENT
## PURSUANT TO 42 U.S.C. § 2000

49.

Defendant restates its responses contained in Paragraphs 1 through 48 of its Answer to the First Amended Complaint, as if fully set forth herein.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.

Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in Paragraph 51, with the result they are denied.

52.

Defendant denies the allegations of Paragraph 52 of the First Amended Complaint.

53.

Defendant denies the allegations of Paragraph 53 of the First Amended Complaint.

54.

Defendant denies the allegations of Paragraph 54 of the First Amended Complaint.

55.

Defendant denies the allegations of Paragraph 55 of the First Amended Complaint.

56.

Defendant denies all other allegations of the First Amended Complaint not expressly admitted herein.

## PRAYER FOR RELIEF

The remainder of the First Amended Complaint is a prayer for relief requiring neither admissions nor denials by Defendant.  To the extent, however, the prayer states or implies that such relief is proper or that Plaintiff is entitled to any remedy or relief from Defendant, such statement and implications are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever under the allegations set forth in the First Amended Complaint. Defendant requests that the Court dismiss the claims in the First Amended Complaint with prejudice in their entirety and that Defendant be awarded costs, non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

In addition to the aforementioned denials, Defendant states the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to plead a *prima facie* case under the FLSA.

15

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that they seek damages beyond the applicable limitations period.

## FOURTH DEFENSE

Plaintiff's claims under the FLSA and 26 U.S.C. § 7434(b) are barred, in whole or in part, because she cannot establish that any acts or omissions of Defendant was willful.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, consent, accord, satisfaction, payment and/or release, and unclean hands and/or because of her conduct and actions.

## SIXTH DEFENSE

Plaintiff's claims are barred by her failure to mitigate damages.

## SEVENTH DEFENSE

Plaintiff's claims, to the extent it is judicially determined that she was an employee of Defendant (which Defendant denies), in whole or in part, are barred by the fact that she would be considered an exempt employee under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213, including without limitation, because she was a creative professional.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## NINTH DEFENSE

Defendant's actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendant is found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

## TENTH DEFENSE

Plaintiff's claims, to the extent it is judicially determined, that she was an employee of Defendant (which Defendant denies), are barred by provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours she claims to have worked where she engaged in activities which were preliminary and postliminary to her principal activities.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent she has not consented in writing to pursue her FLSA claims.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent she has agreed to submit them to binding arbitration.

## THIRTEENTH DEFENSE

Plaintiff's claims under the FLSA are barred by application of the doctrine of payment.  Plaintiff has been paid all monies due.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under Sections 10 and/or 11 of the Portal-to-Portal Act, 29 U.S.C. §§ 259, 260.

## FIFTEENTH DEFENSE

All of part of Plaintiff's' claims are barred by the after-acquired evidence doctrine.

## SIXTEENTH DEFENSE

Defendant is entitled to any and all set-offs permitted by law.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because she was never "employed" by Defendant under 29 U.S.C. § 203(d).

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred because when working for Defendant as a

dancer/entertainer, she was an independent contractor and not Defendant's "employee" as that term is defined by the FLSA.

## NINETEENTH DEFENSE

The Complaint is barred to the extent any damages were proximately caused by the acts or omissions of others for whom Defendant is not liable.

## TWENTIETH DEFENSE

Defendant is not vicariously liable for punitive damages for any unlawful employment decisions or actions of its managerial agents where such decisions and/or actions were contrary to its own good faith efforts to comply with applicable law.

## TWENTY-FIRST DEFENSE

Defendant denies that Plaintiff is entitled to compensatory or punitive damages.

## TWENTY-SECOND DEFENSE

Any claim by Plaintiff for punitive damages is violative of due process and the other constitutional safeguards due Defendant under the Constitution of the United States.

## TWENTY-THIRD DEFENSE

Defendant denies that Plaintiff is entitled to an award of attorneys' fees.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent that she has submitted false or inaccurate time reports. In such situations, Plaintiff's claims would be barred in whole or in part by the doctrines of estoppel and unclean hands.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiff did not retain all of her tips in any individual workweek (which Defendant denies), Plaintiff's minimum wage claims are barred in any workweek in which she did retain all of her tips.

### TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to equitable relief because she has not suffered irreparable harm and has adequate remedies at law.

### TWENTY-SEVENTH DEFENSE

Defendant reserves the right to amend this Answer, to add any affirmative or other defenses, or to withdraw defenses as deemed warranted after reasonable opportunity for discovery.

WHEREFORE, having fully answered the First Amended Complaint, Defendant respectfully requests:

(1)   judgment entered in favor of Defendant and this action dismissed with prejudice;

(2)     judgment entered in favor of Defendant for all costs and attorneys' fees incurred by it in the defense of this action; and

(3)     such other and further relief as this Court may deem just and proper.

## COUNTERCLAIM

To the extent Defendant/Counterclaimant 1715 Northside Drive, Inc. d/b/a Dreams Gentlemen's Club ("Dreams") is found to be an employer of Plaintiff, Dreams brings its counterclaim against the Plaintiff and alleges as follows:

## JURISDICTION AND VENUE

1.

This counterclaim is a compulsory counterclaim and this Court therefore has jurisdiction over their subject matter.  Venue and personal jurisdiction is proper in this Court because the Plaintiff initiated this action in this Court.

## PARTIES

2.

Defendant Dreams is a domestic corporation authorized and doing business in Georgia.

3.

Plaintiff is a former exotic dancer who, at various times, and for varying lengths of time, performed at Dreams.

## **FACTS**

4.

When Plaintiff began performing at Dreams as a dancer, she agreed to be treated as an independent contractor, and to perform for Dreams's customers for a combination of customer tips, paychecks from Dreams, and retaining a portion of Dreams's service charges for table-side and VIP-area dances, which are mandatory charges imposed by Dreams imposed on its customers for the entertainment services provided by the exotic dancers.

5.

Regardless of whether Plaintiff signed an Independent Contractor Agreement or not, during each dancer's table-side and VIP-area performances, Dreams charged its customers a mandatory, fixed service charge.  Dreams's customers were permitted, but not required to give a dancer a "tip" or "gratuity" over and above the mandatory service fee for each table-side or VIP-area dance she performed, at the customer's discretion.

6.

During each table-side dance and VIP-area performance, Plaintiff performed individual exotic dances for Dreams's customers.

7.

Dreams paid Plaintiff a portion of its service fees/service charges which were paid by its customers following each table-side or VIP-area dance.

8.

Dreams takes these service fees/service charges into its gross receipts.

9.

During each of Plaintiff's performance dates, Plaintiff collected and/or were paid service fees/service charges from Dreams which met or exceeded the minimum wage for each hour worked, exclusive of the tips they earned from Dreams's customers.

## COUNT I –UNJUST ENRICHMENT

10.

To the extent Plaintiff collected, retained for herself or was otherwise compensated from Dreams's mandatory service charges, and Plaintiff did not remit those service charges to Dreams, Plaintiff has been unjustly enriched by the amount of Dreams's service charges improperly paid/retained, in an amount to be specifically proven at trial.

WHEREFORE, Defendant Dreams demands judgment against Plaintiff on its counterclaim in such amount as the jury may determine will adequately

compensate it for Plaintiff's unjust enrichment, for its costs of this action, reasonable attorneys' fees and for such other relief as the Court deems appropriate.

Respectfully submitted this 18th day of August, 2014.

/s/ *Erin J. Krinsky*
Eric R. Magnus
Georgia Bar No. 801405
magnuse@jacksonlewis.com
Erin J. Krinsky
Georgia Bar No.  862274
erin.krinsky@jacksonlewis.com
Jackson Lewis, P.C.
1155 Peachtree Street, Suite 1000
Atlanta, Georgia 30309

**Counsel for Defendant**
**1715 Northside Drive, Inc.**

## CERTIFICATION

In accordance with LR 5.1C, NDGa, I hereby certify that this document has been prepared in 14 point, Times New Roman font.

/s/ *Erin J. Krinsky*
Erin J. Krinsky

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ASHLIE L. BRANCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:14-CV-0960-TCB** |
| **v.** | ) | |
| | ) | |
| **1715 NORTHSIDE DRIVE, INC.** | ) | |
| **d/b/a Diamond Club, A-1** | ) | |
| **ENTERTAINMENT, LLC d/b/a** | ) | |
| **Diamond Club, corporations** | ) | |
| **and C.B. JONES, and CARMEN** | ) | |
| **POPOVITCH,** | ) | |
| **individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that on August 18th, 2014, I electronically filed the foregoing

**DEFENDANT 1715 NORTHSIDE DRIVE, INC.'S ANSWER TO**

**PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court

using the CM/ECF system which will automatically send email notification of such

filing to the following attorneys of record:

W. Anthony Collins, Jr.
SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA  30350

Herbert P. Schlanger
LAW OFFICES OF HERBERT P. SCHLANGER
230 Peachtree Street, N.W.
Suite 1890
Atlanta, GA 30303

Susan K. Murphey
Dean R. Fuchs
SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303


*/s/ Erin J. Krinsky*
Erin J. Krinsky

4843-5849-0397, V.  1