## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ASHLIE L. BRANCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:14-CV-0960-TCB** |
| **v.** | ) | |
| | ) | |
| **1715 NORTHSIDE DRIVE, INC.** | ) | |
| **d/b/a Diamond Club, A-1** | ) | |
| **ENTERTAINMENT, LLC d/b/a** | ) | |
| **Diamond Club, corporations** | ) | |
| **and C.B. JONES, and CARMEN** | ) | |
| **POPOVITCH,** | ) | |
| **individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS CARMEN POPOVITCH AND A-1 ENTERTAINMENT, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Carmen Popovitch and A-1 Entertainment, LLC ("Defendants"), by and through undersigned counsel, timely file their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and state as follows:

## NATURE OF THE ACTION

### 1.

Defendants deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

2.

Defendants deny that 42 U.S.C. § 201, *et seq.* is the correct citation for the FLSA.  Defendants deny that 42 U.S.C. § 2000 is the correct citation for Title VII of the Civil Rights Act of 1964.  Defendants admit the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.

Defendants admit this Court has personal jurisdiction over them. Defendants further admit that Defendant 1715 Northside Drive, Inc. was incorporated under the laws of the State of Georgia.  Defendants deny that they engaged in any alleged "wrongful acts."   Defendants deny the remaining allegations contained in Paragraph 3 of the First Amended Complaint, which has the effect of a denial.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

## THE PARTIES

### 5.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 5. Defendants admit only that Plaintiff worked as a waitress from approximately December 2013 through early 2014. Defendants deny Plaintiff was unlawfully terminated on the basis of her race. Defendants admit only that while performing services as a waitress Plaintiff was an employee of Defendant 1715 Northside Drive, Inc. Defendants admit they have never paid Plaintiff a wage of any kind because Plaintiff was never an employee of Defendants, and Defendants lack knowledge or information sufficient to form a belief about the truth of whether Plaintiff has given consent to file this lawsuit. Defendants deny all remaining allegations not expressly admitted or acknowledged contained in Paragraph 5 of Plaintiff's First Amended Complaint.

### 6.

Defendants admit only that Defendant 1715 Northside Drive, Inc. is a Georgia corporation. Defendants deny all remaining allegations in Paragraph 6 of Plaintiff's First Amended Complaint.

7.

Defendants deny the allegations in Paragraph 7 of the First Amended Complaint.

8.

Responding to the allegations in Paragraph 8 of the First Amended Complaint, Defendants admit only that C.B. Jones is a natural person. Defendants lack sufficient information or knowledge to form a belief as to the truth of all remaining allegations in Paragraph 8 of the First Amended Complaint, with the result they are denied.

9.

Responding to the allegations in Paragraph 9 of the First Amended Complaint, Defendants admit only that Karen Caudle is a natural person who has since been dismissed as a Defendant from this civil action with prejudice. Defendants lack sufficient information or knowledge to form a belief as to the truth of all remaining allegations in Paragraph 9 of the First Amended Complaint, with the result they are denied.

10.

Defendants admit the allegations in Paragraph 10 of the First Amended Complaint.

4

## FACTUAL ALLEGATIONS

### 11.

Defendants admit that they own and operate Dreams Gentlemen's Club, an adult entertainment establishment and that does business in the State of Georgia. Defendants deny all remaining allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

### 12.

The allegations contained in the first sentence of Paragraph 12 of Plaintiff's First Amended Complaint set forth set forth a legal conclusions rather than facts, and therefore do not require a response admitting or denying them.  Defendants admit that Dreams Gentlemen's Club[1] is situated near an interstate highway, that it has revenues in excess of $500,000 annually, and that it is engaged in commerce. Defendants deny they do business as "Diamond Club."  Defendants further deny all remaining allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

### 13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

---

[1] Defendant 1715 Northside Drive, Inc. now does business as "Dreams Gentlemen's Club."

14.

Defendants admit Plaintiff worked as a waitress from December 2013 through early 2014.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint, with the result they are denied.

15.

Responding to the allegations contained in Paragraph 15 of the First Amended Complaint, Defendants admit only that Club management required dancers to take a Breathalyzer test prior to leaving the Club after every shift for their own safety and the safety of the general public.  Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16.

Responding to the allegations contained in Paragraph 16 of the First Amended Complaint, Defendants admit only that the dancers are required to pay a per-shift house fee ranging from $10 - $40, that it is a custom for dancers to pay the DJ a minimum of $10 or 10% of their per-shift earnings, and that dancers pay a 5% service charge on table-side or VIP dances purchased on customers' credit

cards.  Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's

First Amended Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

31.

Defendants restate their responses contained in Paragraphs 1 through 30 of their Answer to the First Amended Complaint, as if fully set forth herein.

32.

Defendants admit only that Plaintiff's work as a waitress for Defendant 1715 Northside Drive, Inc. was subject to the minimum wage requirements of the FLSA. Defendants deny the remaining allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38.

Defendants lack knowledge or information sufficient to form a belief as to the accuracy of whether Plaintiff has consented to be a party to this action, with the result they are denied.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

40.

Defendants restate their responses contained in Paragraphs 1 through 39 of their Answer to the First Amended Complaint, as if fully set forth herein.

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

## COUNT III
## FRAUDULENT FILING OF TAX INFORMATION RETURNS PURSUANT TO 26 U.S.C. §7434

44.

Defendants restate the responses contained in Paragraphs 1 through 43 of their Answer to the First Amended Complaint, as if fully set forth herein.

11

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint as to themselves, and admit only that Defendant 1715 Northside Drive, Inc. has filed Forms 1099-MISC for Plaintiff with the Internal Revenue Service categorizing some of the monies earned by Plaintiff as nonemployee compensation. Defendants deny the remaining allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

## COUNT IV
## RACIAL DISCRIMINATION IN EMPLOYMENT
## PURSUANT TO 42 U.S.C. § 2000

49.

Defendants restate the responses contained in Paragraphs 1 through 48 of their Answer to the First Amended Complaint, as if fully set forth herein.

50.

Defendants deny the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51, with the result they are denied.

52.

Defendants deny the allegations of Paragraph 52 of the First Amended Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint.

13

54.

Defendants deny the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55.

Defendants deny the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

56.

Defendants deny all remaining allegations contained in Plaintiff's First Amended Complaint not specifically admitted herein.

## **PRAYER FOR RELIEF**

The remainder of the First Amended Complaint is a prayer for relief requiring neither admissions nor denials by Defendants.  To the extent, however, the prayer states or implies that such relief is proper or that Plaintiff is entitled to any remedy or relief from Defendants, such statement and implications are denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever under the allegations set forth in the First Amended Complaint. Defendants request that the Court dismiss the claims in the First Amended Complaint with prejudice in their entirety and that Defendants be awarded costs,

non-taxable expenses, taxable costs, interests on those amounts as provided by law and such further relief that this Court may deem appropriate.

In addition to the aforementioned denials, Defendants state the following affirmative and other defenses:

## FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to plead a *prima facie* case under the FLSA.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that they seek damages beyond the applicable limitations period.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she cannot establish that any act or omission of Defendants was willful under the FLSA.

## FIFTH DEFENSE

Plaintiff's claims are barred because Defendants were not her employer as defined by the Fair Labor Standards Act.

## SIXTH DEFENSE

Plaintiff's claims, to the extent it is judicially determined that she was an employee of Defendants (which Defendants deny), in whole or in part, are barred by the fact that she would be considered an exempt employee under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213, including without limitation, because she was a creative/artistic professional.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## EIGHTH DEFENSE

Defendants' actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendants are found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

## NINTH DEFENSE

Plaintiff's claims, to the extent it is judicially determined that she was an employee of Defendants (which Defendants deny), are barred by provisions of

Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours they claim to have worked where they engaged in activities which were preliminary and postliminary to her principal activities.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent she has not consented in writing to pursue her FLSA claims.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent she has agreed to submit them to binding arbitration.

## TWELFTH DEFENSE

Plaintiff's claims under the FLSA are barred by application of the doctrine of payment.  Plaintiff has been paid all monies due.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under Sections 10 and/or 11 of the Portal-to-Portal Act, 29 U.S.C. §§ 259, 260.

## FOURTEENTH DEFENSE

Defendants are entitled to any and all set offs permitted by law.

## FIFTEENTH DEFENSE

To the extent that Plaintiff is found to be entitled to be paid the minimum wage by Defendant 1715 Northside Drive, Inc., Defendant 1715 Northside Drive, Inc. is entitle to an offset and/or recoup from Plaintiff the service charge amounts in excess of the minimum wage, which amounts were imposed by Defendant 1715 Northside Drive, Inc. on its customers, and paid by Defendant 1715 Northside Drive, Inc. to (or was retained by) Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she seek damages from Defendants for time periods in which she performed at a club owned or operated by someone other than these Defendants.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because she was never "employed" by Defendants under 29 U.S.C. § 203(d), and she was never Defendants' "employee" as that term is defined by the FLSA.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent she failed to mitigate her damages.

### NINETEENTH DEFENSE

Plaintiff lacks standing to assert her claim for alleged "fraudulent filing of tax information returns pursuant to 26 U.S.C. § 7434."

### TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, consent, accord, satisfaction, payment and/or release, and unclean hands and/or because of her conduct and actions.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, consent, accord, satisfaction, payment and/or release, and unclean hands and/or because of her conduct and actions.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by her failure to mitigate damages.

### TWENTY-THIRD DEFENSE

The First Amended Complaint is barred to the extent any damages were proximately caused by the acts or omissions of others for whom Defendants are not liable.

### TWENTY-FOURTH DEFENSE

Defendants are not vicariously liable for punitive damages for any unlawful

employment decisions or actions of its managerial agents where such decisions and/or actions were contrary to its own good faith efforts to comply with applicable law.

### TWENTY-FIFTH DEFENSE

Defendants deny that Plaintiff is entitled to compensatory or punitive damages.

### TWENTY-SIXTH DEFENSE

Any claim by Plaintiff for punitive damages is violative of due process and the other constitutional safeguards due Defendants under the Constitution of the United States.

### TWENTY-SEVENTH DEFENSE

Defendants deny that Plaintiff is entitled to an award of attorneys' fees.

### TWENTY-EIGHT DEFENSE

Plaintiff is not entitled to equitable relief because she has not suffered irreparable harm and has adequate remedies at law.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred to the extent that she has submitted false or inaccurate time reports. In such situations, Plaintiff's claims would be barred in whole or in part by the doctrines of estoppel and unclean hands.

### THIRTIETH DEFENSE

Plaintiff's claims are barred because Defendants were not Plaintiff's "employer" under Title VII.

### THIRTY-FIRST DEFENSE

To the extent Plaintiff did not retain all of her tips in any individual workweek (which Defendants deny), Plaintiff's minimum wage claims are barred in any workweek in which she did retain all of her tips.

### THIRTY-SECOND DEFENSE

Plaintiff's claims are barred because Defendants were not Plaintiff's "employer" under Title VII.

### THIRTY-THIRD DEFENSE

Defendants reserve the right to amend this Answer, to add any affirmative or other defenses, or to withdraw defenses as deemed warranted after reasonable opportunity for discovery.

WHEREFORE, having fully answered the First Amended Complaint, Defendants respectfully request:

(1) judgment entered in favor of Defendants and this action dismissed with prejudice;

(2)     judgment entered in favor of Defendants for all costs and attorneys' fees incurred by it in the defense of this action; and

(3)     such other and further relief as this Court may deem just and proper.

## COUNTERCLAIM

To the extent Defendants are found to be an employer of Plaintiff, Defendants bring a counterclaim against the Plaintiff and allege as follows:

## JURISDICTION AND VENUE

1.

This counterclaim is a compulsory counterclaim and this Court therefore has jurisdiction over their subject matter.  Venue and personal jurisdiction is proper in this Court because the Plaintiff initiated this action in this Court.

## PARTIES

2.

Dreams is a domestic corporation authorized and doing business in Georgia.

3.

Plaintiff is a former exotic dancer who, at various times, and for varying lengths of time, performed at Dreams.

## FACTS

4.

When Plaintiff began performing at Dreams as a dancer, she agreed to be treated as an independent contractor, and to perform for Dreams's customers for a combination of customer tips, paychecks from Dreams, and retaining a portion of Dreams's service charges for table-side and VIP-area dances, which are mandatory charges imposed by Dreams imposed on its customers for the entertainment services provided by the exotic dancers.

5.

Regardless of whether Plaintiff signed an Independent Contractor Agreement or not, during each dancer's table-side and VIP-area performances, Dreams charged its customers a mandatory, fixed service charge. Dreams's customers were permitted, but not required to give a dancer a "tip" or "gratuity" over and above the mandatory service fee for each table-side or VIP-area dance she performed, at the customer's discretion.

6.

During each table-side dance and VIP-area performance, Plaintiff performed individual exotic dances for Dreams's customers.

7.

Dreams paid Plaintiff a portion of its service fees/service charges which were paid by its customers following each table-side or VIP-area dance.

8.

Dreams takes these service fees/service charges into its gross receipts.

9.

During each of Plaintiff's performance dates, Plaintiff collected and/or were paid service fees/service charges from Dreams which met or exceeded the minimum wage for each hour worked, exclusive of the tips they earned from Dreams's customers.

**COUNT I –UNJUST ENRICHMENT**

10.

To the extent Plaintiff collected, retained for herself or was otherwise compensated from Dreams's mandatory service charges, and Plaintiff did not remit those service charges to Dreams, Plaintiff has been unjustly enriched by the amount of Dreams's service charges improperly paid/retained, in an amount to be specifically proven at trial.

WHEREFORE, Defendants demand judgment against Plaintiff on its counterclaim in such amount as the jury may determine will adequately

24

compensate it for Plaintiff's unjust enrichment, for its costs of this action, reasonable attorneys' fees and for such other relief as the Court deems appropriate.

Respectfully submitted this 18th day of August, 2014.

/s/ Erin Krisnky
Eric R. Magnus
Georgia Bar No. 801405
magnuse@jacksonlewis.com
Erin J. Krinsky
Georgia Bar No.  862274
erin.krinsky@jacksonlewis.com
Jackson Lewis, P.C.
1155 Peachtree Street, Suite 1000
Atlanta, Georgia 30309

**Counsel for Defendants**
**Carmen Popovitch and**
**A-1 Entertainment, LLC**

## CERTIFICATION

In accordance with LR 5.1C, NDGa, I hereby certify that this document has been prepared in 14 point, Times New Roman font.

/s/ Erin J. Krinsky
Erin J. Krinsky

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ASHLIE L. BRANCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **1:14-CV-0960-TCB** |
| **v.** | ) | |
| | ) | |
| **1715 NORTHSIDE DRIVE, INC.** | ) | |
| **d/b/a Diamond Club, A-1** | ) | |
| **ENTERTAINMENT, LLC d/b/a** | ) | |
| **Diamond Club, corporations** | ) | |
| **and C.B. JONES, and CARMEN** | ) | |
| **POPOVITCH,** | ) | |
| **individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2014, I electronically filed the foregoing

**DEFENDANTS CARMEN POPOVITCH AND A-1 ENTERTAINMENT,**

**LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with

the Clerk of the Court using the CM/ECF system which will automatically send

email notification of such filing to the following attorneys of record:

W. Anthony Collins, Jr.
SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA  30350

Herbert P. Schlanger
LAW OFFICES OF HERBERT P. SCHLANGER
230 Peachtree Street, N.W.
Suite 1890
Atlanta, GA 30303

Susan K. Murphey
Dean R. Fuchs
SCHULTEN WARD & TURNER, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303


*/s/ Erin J. Krinsky*
Erin J. Krinsky